**Robert BIGGS, Plaintiff–Appellant,**

v.

**William C. MEADOWS; Nurse Cartwright; Superintendent Barnes; Mr. Weeks, Defendants–Appellees.**

No. 94–6667.

United States Court of Appeals,
Fourth Circuit.

Argued March 9, 1995.

Decided Sept. 18, 1995.

**ARGUED:** James Douglas Minor, Student Counsel, Appellate Litigation Clinical Program, Georgetown University Law Center, Washington, DC, for Appellant. James Peeler Smith, Department of Justice, Raleigh, NC, for Appellees. **ON BRIEF:** Steven H. Goldblatt, Director, Ellen R. Finn, Supervising Attorney, Appellate Litigation Clinical Program, Georgetown University Law Center, Washington, DC, for Appellant. Michael F. Easley, Attorney General of North Carolina, M. Lynn Jarvis, Associate Attorney General, Department of Justice, Raleigh, NC, for Appellees.

Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and WILLIAMS, United States District Judge for the District of Maryland, sitting by designation.

Reversed and remanded by published opinion. Chief Judge ERVIN wrote the opinion, in which Judge WILKINS and Judge WILLIAMS joined.

## OPINION

ERVIN, Chief Judge:

In this case, we address whether a plaintiff filing a complaint under 42 U.S.C. § 1983 must plead expressly that state officials are being sued in their individual, rather than official, capacities. Adopting the view accepted by most other circuits, we hold that a litigant need not explicitly draw such a distinction. Instead, a court must look to the substance of the complaint, the relief sought, and the course of proceedings to determine the nature of a plaintiff's claims. Because the district court erroneously applied a presumption that defendants are sued only in their official capacities unless a complaint specifically states that a personal capacity suit is intended, we reverse the judgment of the district court dismissing this action and remand the case for further proceedings.

### I.

On January 11, 1993, appellant Robert Biggs, a North Carolina inmate incarcerated at the Gates Correctional Center in Gatesville, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of North Carolina. The complaint named as defendants prison Nurse Juanita Cartwright, prison Superintendent Barnes, and Area Administrator William Meadows. Seeking compensatory damages in the amount of $10,000 for the denial of proper medical treatment and his attendant suffering, Biggs alleged that the defendants had acted with deliberate indifference to his medical needs, in violation of the Eighth Amendment to the United States Constitution. Specifically, Biggs, who was taking various prescription drugs when he was transferred to Gates on December 1, 1992, claimed that the prison psychiatrist had prescribed new medication for him on December 13, which he did not receive until December 29. This lapse apparently was related to the prison's medical personnel not having the newly prescribed drugs on the premises. Ordered from another prison pharmacy, the medication did not arrive until the afternoon of December 23, the last working day before Christmas. In addition to the substantial delay, Biggs asserted that he had vomited every night from taking the wrong medication and that he had filed two grievances based on the improper administration of his medicine, both of which had been denied. Biggs also contended that Nurse Cartwright had failed to dispense the prescribed medication at the appropriate time and that Assistant Superintendent Austin Weeks had failed to correct the problem after Biggs brought it to his attention.

On May 28, 1993, the district court ordered Biggs to particularize his complaint with regard to defendants Barnes and Meadows, because Biggs had failed to allege any conduct on which liability could be imposed on them. Biggs responded by conceding that Barnes and Meadows had no direct involvement in the events at issue and by seeking to amend his complaint in order to add Superintendent Weeks as a defendant. On July 2, 1993, the court dismissed the claims against Barnes and Meadows as frivolous under 28 U.S.C. § 1915(d) and granted Biggs' request to add Weeks as a defendant.

Weeks and Cartwright filed motions to dismiss and for summary judgment on March 25, 1994. They contended that they had not been deliberately indifferent to Biggs' medical needs. In addition, Weeks and Cartwright argued that Biggs' suit was barred by the Eleventh Amendment, because § 1983 prohibits claims for damages against state officers acting in their official capacities, and Biggs had failed to plead expressly that the defendants were being sued as individuals. Finally, Weeks and Cartwright claimed that they were qualifiedly immune from liability.

The district court granted the motion to dismiss. In doing so, the court applied a presumption that § 1983 defendants are sued only in their official capacities unless the complaint explicitly states that the defendants are being sued in their individual capacities: "When a complaint is silent on the issue, we should normally assume defendants are sued in their official capacities only; a

complaint should expressly say 'individual capacity' when a plaintiff intends to sue a defendant as such." The court then noted that the Eleventh Amendment prohibits the recovery of monetary damages from state officials sued in their official capacities and that Biggs had sought monetary relief only. As a result, the court dismissed the complaint for failure to state a claim upon which relief could be granted. Biggs filed a timely notice of appeal to this court. Jurisdiction over this § 1983 action is proper under 28 U.S.C. §§ 1343(3) and 1291.[1]

## II.

Biggs contends that the district court erred by dismissing his complaint based on his failure to allege expressly that he was suing state officials Weeks and Cartwright in their individual capacities. We review de novo a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, construing the factual allegations in the light most favorable to the plaintiff. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir.1991), *cert. denied*, 503 U.S. 936, 112 S.Ct. 1475, 117 L.Ed.2d 619 (1992). *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217 (4th Cir.1994). Dismissal for failure to state a claim is proper where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

In *Hafer v. Melo*, 502 U.S. 21, 23, 112 S.Ct. 358, 360, 116 L.Ed.2d 301 (1991), the United States Supreme Court held that state officials sued in their individual capacities are "persons" for purposes of § 1983. The *Hafer* Court noted, but declined to resolve, a split among the federal circuit courts on the appropriate way to treat a complaint that fails to state explicitly the capacity in which a defendant is sued under § 1983. The Court "reiterate[d] the Third Circuit's view that '[i]t is obviously preferable for the plaintiff to be specific in the first instance to avoid any ambiguity.'" *Id.* at 24 n.*, 112 S.Ct. at 361 n.* (quoting *Melo v. Hafer*, 912 F.2d 628, 636 (3rd Cir.1990), *aff'd*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)). In a footnote, the Supreme Court noted that the Third Circuit had looked to the proceedings below to determine whether certain of the plaintiffs had brought their claims for damages against the defendant in her official or personal capacity. *Id.; cf. Gregory v. Chehi*, 843 F.2d 111, 119–20 (3rd Cir.1988) ("[R]esolving doubts in favor of plaintiff, we will assume he is suing the individuals in their personal capacities as well."). In addition to the Third Circuit, a substantial majority of other circuits—including the Second, Fifth, Seventh, Ninth, Tenth, and Eleventh—have adopted this approach, looking to the substance of the plaintiff's claim, the relief sought, and the course of proceedings to determine the nature of a § 1983 suit when a plaintiff fails to allege capacity. *See, e.g., Frank v. Relin*, 1 F.3d 1317, 1326 (2d Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 604, 126 L.Ed.2d 569 (1993); *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir.1973); *Conner v. Reinhard*, 847 F.2d 384, 394 (7th Cir.1988), *cert. denied*, 488 U.S. 856, 109 S.Ct. 147, 102 L.Ed.2d 118 (1988); *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1990), *cert. denied*, 502 U.S. 967, 112 S.Ct. 436, 116 L.Ed.2d 455 (1991); *Houston v. Reich*, 932 F.2d 883, 885 (10th Cir.1991); *Lundgren v. McDaniel*, 814 F.2d 600, 604 (11th Cir.1987).

In contrast, two Circuits—the Sixth and the Eighth—utilize the presumption applied by the district court in this case: where a § 1983 complaint is silent as to capacity, it is presumed that a defendant has been sued only in her official capacity. *See Wells v. Brown*, 891 F.2d 591, 592 (6th Cir.1989); *Nix*

---

1. Weeks and Cartwright contend that personal jurisdiction does not exist here under *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), which holds that states are not "persons" under § 1983. They argue that both we and the district court lack personal jurisdiction, because they were sued as state actors only. This position erroneously assumes the answer to the question presented—that the defendants were sued only in their official capacities. Because we reject that

*v. Norman,* 879 F.2d 429, 431 (8th Cir.1989).[2] This position is based on a perception that the Eleventh Amendment operates as a substantive limitation on the subject matter jurisdiction of the federal courts. *See Wells,* 891 F.2d at 592; *Nix,* 879 F.2d at 431. The case of *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989), establishes that a § 1983 plaintiff cannot overcome a state's immunity under that Amendment merely by naming a state official instead. Because Rule 9(a) of the Federal Rules of Civil Procedure requires that capacity be averred "to the extent required to show the jurisdiction of the court," these circuits have mandated that individual capacity be pleaded expressly to demonstrate that Eleventh Amendment immunity is not implicated and that jurisdiction is proper.

■■■ Heretofore, we have published no authority on this issue. Because we find the majority view to be more persuasive, we hold today that a plaintiff need not plead expressly the capacity in which he is suing a defendant in order to state a cause of action under § 1983.[3] The minority view neglects the considerable differences between Eleventh Amendment immunity and federal jurisdiction. *Cf. Blatchford v. Native Village of Noatak,* 501 U.S. 775, 786 n. 4, 111 S.Ct. 2578, 2585 n. 4, 115 L.Ed.2d 686 (1991) (noting that the jurisdiction and immunity issues are "wholly distinct"). For example, unlike subject matter jurisdiction, which federal courts must evaluate independent of the parties' contentions, courts have discretion to raise Eleventh Amendment immunity. *Patsy v. Bd. of Regents,* 457 U.S. 496, 515 n. 19, 102 S.Ct. 2557, 2567 n. 19, 73 L.Ed.2d 172 (1982) ("[W]e have never held that [Eleventh Amendment immunity] is jurisdictional in the sense that it must be raised and decided by this Court on its own motion."). Likewise, a state may waive its Eleventh Amendment immunity under certain circumstances, see *id.,* whereas "[n]o action of the parties can

confer subject-matter jurisdiction upon a federal court." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). Finally, although Congress may abrogate the states' Eleventh Amendment immunity provided it does so with clear intent, Congress has no power to override a constitutional limitation on the subject matter jurisdiction of the federal courts. *Compare Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985) ("affirm[ing] that Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear"), *with National Mut. Ins. Co. v. Tidewater Transfer Co.,* 337 U.S. 582, 69 S.Ct. 1173, 93 L.Ed. 1556 (1949) (noting that Congress cannot expand the jurisdiction of federal courts beyond that granted in the Constitution).

■■■ Eleventh Amendment immunity is not truly a limit on the subject matter jurisdiction of federal courts, but a block on the exercise of that jurisdiction. *Cf. Patsy,* 457 U.S. at 516 n. 19, 102 S.Ct. at 2567 n. 19 (noting that "the Eleventh Amendment defense ... partakes of the nature of a jurisdiction bar" (quotation marks omitted)). Once that fundamental distinction is recognized, not only does Rule 9 not require that a § 1983 plaintiff expressly plead capacity, it actually prohibits courts from imposing a more stringent standard. *See* Fed.R.Civ.P. 9(a) ("It is not necessary to aver the capacity of a party to sue or be sued ..., *except* to the extent required to show the jurisdiction of the court." (emphasis added)); *cf. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. ——, ——, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993) (rejecting a "heightened pleading standard" in civil rights cases alleging municipal liability under 42 U.S.C. § 1983).

---

view, see *infra, Will* creates no jurisdictional obstacle.

**2.** Although the First Circuit Court of Appeals has not addressed this issue, a federal district court in that circuit also adopted the minority position.

*Charron v. Picano,* 811 F.Supp. 768, 772 (D.R.I. 1993). That case was not appealed.

**3.** We recognize, of course, that it still is preferable for a plaintiff to plead capacity specifically. *Hafer,* 502 U.S. at 24 n.*, 112 S.Ct. at 361 n.*.

Under the standard we now adopt, when a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity. One factor indicating that suit has been filed in such a manner might be the plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or custom, or the lack of indicia of such a policy or custom on the face of the complaint. *See Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir.1991) (finding a personal capacity claim where "the unconstitutional conduct alleged involves [the defendant's] individual actions and nowhere alludes to an official policy or custom that would shield him from individual culpability"); *see also Conner*, 847 F.2d at 394 n. 8. Another indication that suit has been brought against a state actor personally may be a plaintiff's request for compensatory or punitive damages, since such relief is unavailable in official capacity suits. *See, e.g., Shabazz v. Coughlin*, 852 F.2d 697, 700 (2d Cir.1988); *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993); *Price*, 928 F.2d at 828; *Gregory*, 843 F.2d at 119–20; *Hill*, 924 F.2d at 1374. The nature of any defenses raised in response to the complaint is an additional relevant factor. Because qualified immunity is available only in a personal capacity suit, *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985), the assertion of that defense indicates that the defendant interpreted the plaintiff's action as being against him personally. *See Conner*, 847 F.2d at 394; *Lundgren*, 814 F.2d at 604. Throughout, the underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly.

Applying the above analysis to the case before us, we first examine the substance of Biggs' complaint. Biggs claims that the prison psychiatrist prescribed medication for him on December 13, 1992, which he did not receive until December 29, and that he vomited nightly from taking the wrong medication. In particular, he contends that Cartwright failed to dispense his medication at the appropriate time and that Weeks failed to correct the problem after Biggs brought it to his attention. These allegations focus on Weeks' and Cartwright's actions toward Biggs and do not necessarily implicate an official policy or custom. *Graham*, 473 U.S. at 166, 105 S.Ct. at 3105 ("[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."). In addition, the reference in Biggs' complaint to *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the seminal case regarding Eighth Amendment requirements for the administration of medication to prisoners, indicates a concern about improper medical treatment, not the prison's official grievance procedure, as the defendants suggest. As to the relief requested, Biggs sought compensatory damages in the amount of $10,000. As the appellant notes in his brief, "it would have been both illogical and futile for Mr. Biggs to sue the defendants in their official capacities and to then request a form of relief that would clearly be unavailable to him in such a suit." *Brief of Appellant* at 15–16. Examining the course of proceedings, the defendants asserted, among other defenses, that they are entitled to qualified immunity. This suggests that Weeks and Cartwright perceived the complaint to state a claim against them as individuals, since qualified immunity is unavailable in official capacity suits. *See Graham*, 473 U.S. at 165, 105 S.Ct. at 3104. On the other hand, the defendants also raised the issue of Eleventh Amendment immunity, so this factor is accorded less weight than otherwise would be the case. In any event, the assertion of qualified immunity provides some indication that Weeks and Cartwright are not prejudiced by our treating Biggs' complaint as one brought against the defendants in their personal capacities. Overall, the relevant factors in this case demonstrate that Biggs intended to sue the defendants as individuals.

## III.

Because the district court wrongly dismissed Biggs' complaint based on its erroneous conclusion that he intended to sue the defendants in their official capacity only, we

reverse the court's judgment and remand this case for further proceedings.

*REVERSED AND REMANDED.*