**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JIMMIE NELSON,
Plaintiff-Appellant,

v.

No. 95-7444

TIM STRAWN, Officer; THE CITY OF
MONCKS CORNER,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-93-66-2-18AJ)

Submitted: December 26, 1995

Decided: February 28, 1996

Before HALL, MURNAGHAN, and WILKINS, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Jimmie Nelson, Appellant Pro Se. Sandra J. Senn, STUCKEY &
KOBROVSKY, Charleston, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jimmie Nelson appeals from a district court order granting summary judgment in favor of Defendants, entered on recommendation of a magistrate judge acting pursuant to 28 U.S.C.§ 636(b) (1988). We affirm the order in part, vacate in part, and remand for further proceedings.

Nelson filed a complaint under 42 U.S.C. § 1983 (1988), alleging that Defendant Strawn, a police officer, violated Nelson's civil rights by effecting an unlawful detention, using excessive force in effecting the detention, and denying him medical attention for serious medical needs arising from Strawn's acts. Nelson also alleged that the City of Moncks Corner, South Carolina (City), violated Nelson's civil rights by failing to train or supervise Strawn adequately.

The district court properly granted summary judgment in favor of the City. First, the City cannot be liable under the theory of respondeat superior. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Second, Nelson's allegations of municipal wrongdoing through failure to train or supervise were unsupported by any objective evidence that the City was deliberately indifferent to any of Nelson's rights in its training and supervision of its police officers. City of Canton v. Harris, 489 U.S. 378, 389 (1989). Nelson submitted nothing showing the city had a "policy" not to train officers or that there existed a pattern of unconstitutional behavior by police officers that would have necessitated action on the part of the City to cure the improprieties. See id. Thus, there was no genuine issue of material fact regarding the City's right to judgment in its favor, and the district court properly granted summary judgment in its favor.

The same is true of Nelson's claim against Strawn for seizure without probable cause. At the time this claim came before the district court, Nelson had admitted that he had set two fires in his jail cell. He alleged that Strawn was called by jail officials to help remove Nelson to another cell. This is the improper seizure Nelson alleged as his initial Fourth Amendment claim. We assume for purposes of the summary judgment motion that Strawn did help move Nelson. It is clear

2

that Strawn had a sound basis for effecting Nelson's seizure and moving him to another cell: he was acting on information from jail officials that Nelson had engaged in a criminal act, arson; he properly seized Nelson on a charge of arson and moved him to another cell. Thus, this claim was properly denied by summary judgment in favor of Strawn, and we affirm the order on this basis.

With regard to Nelson's claims that Strawn used excessive force in moving him to another cell and that Strawn improperly denied Nelson's requests for medical attention, we vacate the district court order and remand the claims. The district court improperly found that the complaint alleged causes of action against Strawn only in his official capacity. First, even had the complaint expressly stated that the claims were so intended, the body of the complaint revealed to the contrary, and the district court should have construed the claims to present claims against Strawn in his individual capacity. Biggs v. Meadows, 66 F.3d 56, 58, 61 (4th Cir. 1995). Second, a document filed by Nelson during the litigation and prior to the grant of summary judgment revealed that Nelson was attempting to make claims against Strawn in his individual capacity. The district court's error meant that it never reached the substance of Nelson's claims. We may do so on de novo review of the summary judgment order. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

The district court was confronted, as are we, with conflicting, sworn allegations regarding the transfer of Nelson to another cell. Nelson swore that, during his pre-trial detention, Strawn used "chuck sticks" (sticks connected by a short chain) to move Nelson, resulting in bleeding, swelling, and pain, when such force was unnecessary. Nelson also alleged that Strawn kicked and beat him during the move. These allegations state Fourth Amendment claims, Graham v. Connor, 490 U.S. 386, 394 (1989), and the sworn complaint was sufficient to confront Defendant's affidavits to the contrary, Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Further, Nelson's allegations that he was in need of medical attention, requested such attention, and that Strawn denied the request, are sworn, are in direct contravention of the Defendant's affidavits, and state a Fourteenth Amendment claim, Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988.)* The record will not support Defendants' motion for summary judgment.

_____
*We assume for purposes of this appeal that Nelson was, with regard to the arson charges that precipitated the action here, a pretrial detainee, so that the claims are not evaluated under the Eighth Amendment.

3

Thus, we affirm the district court order, albeit on somewhat different grounds, <u>McMahan v. International Assoc. of Bridge, Structural & Ornamental Iron Workers</u>, 964 F.2d 1462, 1467 (4th Cir. 1992) (court may affirm for any reason appearing on the record), with regard to the grant of summary judgment in favor of the City and with regard to the claim against Strawn that he seized Nelson without probable cause. We vacate the order with respect to Nelson's claims of excessive use of force and denial of medical needs. We express no opinion on the merits of those claims but remand them for further proceedings not inconsistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>

4