**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LOUIS A. MARKS, JR.; BRENDA J.
MARKS; JEREMY S. THOMPSON,
Plaintiffs-Appellants,

v.

UNITED STATES SOCIAL SECURITY
ADMINISTRATION; JOHN GROOVER;
COMMONWEALTH OF VIRGINIA,
Department of Rehabilitative
Services; CAROLINA LONGA, MD;
LUC VINH, MD; U.S. DEPARTMENT OF
VETERANS AFFAIRS; BANK OF
AMERICA NT&SA, successor by

merge to Security Pacific National
Bank, not in its individual capacity
but solely as Trustee for American
Housing Trust VI; BOATMAN'S
NATIONAL MORTGAGE COMPANY,
formerly known as National
Mortgage Company; SHAPIRO &
BURSON; CHRISTINE S. PATTERSON;
LORI-DON MACNAMEE; DANA
POWERS; LONG AND FOSTER REALTY;
LYNN THERELL; BILL PFEIFFER;
A. PAUL BURTON,
Defendants-Appellees.

No. 96-1055

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CA-95-50-4)

Submitted: July 2, 1996

Decided: August 6, 1996

Before HALL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Louis A. Marks, Jr., Brenda J. Marks, Jeremy S. Thompson, Appellants Pro Se. Susan Lynn Watt, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia; LaDale Kenneth George, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia; Donna Joyce Hall, MAYS & VALENTINE, Norfolk, Virginia; Mary Christine Maggard, SHAPIRO & BURSON, Virginia Beach, Virginia; Thomas Scott Carnes, SYKES, CARNES, BOURDON, AHERN & SHAPIRO, Virginia Beach, Virginia; Alan Brody Rashkind, FURNISS, DAVIS, RASHKIND & SAUNDERS, Norfolk, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants appeal from the dismissal of their complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. We affirm the dismissal of all claims except the claims against Drs. Carolina Longa and Luc Vinh, employees of the Virginia Department of Rehabilitative Services (the "Department"). Those claims we remand to the district

court for further consideration in light of <u>Biggs v. Meadows</u>, 66 F.3d 56 (4th Cir. 1995).

In 1992, Appellant Brenda J. Marks filed an application for disability benefits. The Social Security Administration ("SSA") denied her application and affirmed its decision on reconsideration. In 1994, before a hearing was held by an Administrative Law Judge, the Department reversed the denial. Since then, Ms. Marks has received retroactive benefits and regular monthly disability payments. Thirteen months passed between Ms. Marks's application for benefits and the SSA's granting those benefits.

Over a year after Ms. Marks received retroactive disability benefits, Ms. Marks, her husband Louis Marks, and Ms. Marks's son, Jeremy Thompson, filed an action raising the following claims against the following defendants:

> (1) Against the SSA; John Groover, manager of the Hampton Administration office; the Department; and two employees of the Department, Dr. Longa and Dr. Vinh. Appellants claim that these defendants improperly disposed of Brenda Marks's medical records, which allegedly included an erroneous diagnosis and were improperly sealed, thereby delaying her disability determination. Appellants assert that this delay led to foreclosure on their home and emotional distress;

> (2) Against the Department of Veteran's Affairs (the "VA"). Appellants claim that the VA failed in its statutory duty to provide assistance to Appellants to prevent the foreclosure;

> (3) Against the VA; Bank of America; Boatman's National Mortgage Company ("National Mortgage"); Shapiro and Burson, a law firm; three lawyers who work for Shapiro and Burson, Christine Patterson, Lori-Don MacNamee, and Dana Powers; Long and Foster Realty; two employees of Long and Foster, Lynn Therell and Bill Pfeiffer; and A. Paul Burton, City Attorney for the City of Hampton. Appellants

3

claim that these defendants conspired to compromise Appellants' rights to regain title to their property, causing them financial and emotional harm.

(4) Against Shapiro and Burson, Lori-Don MacNamee, Christine Patterson, Dana Powers, Long and Foster, Lynn Therell, Bill Pfeiffer, Bank of America; the VA; and National Mortgage. Appellants contend that these defendants misrepresented items to court officials, altered legal documents, and authorized unnecessary work and expenses in relation to the foreclosure.

Defendants, who are represented by various counsel, each moved to dismiss the action. The district court granted the motion pursuant to Rule 12(b)(1), finding first that federal jurisdiction hinged on Claim (1) as the remaining allegations stated only state tort claims. The court then found that it did not have jurisdiction over Claim (1) under 42 U.S.C.A. § 405(g), 1983 (West 1994 & Supp. 1996) or 28 U.S.C. § 1331 (1988), and it could discern no other statutory basis for a claim. Appellants appeal.

We affirm the dismissal of Claim (1) against all defendants except Drs. Longa and Vinh on the reasoning of the district court. Marks v. Social Sec. Admin., No. 95-CV-50 (E.D. Va. Nov. 2, 1995). With regard to Drs. Longa and Vinh, the district court summarily assumed that these employees of the Department were sued only in their official capacities. However, the district court did not address this court's recent decision in Biggs v. Meadows, 66 F.3d 56 (4th Cir. 1995), holding that a plaintiff need not plead expressly the capacity in which he is suing a defendant in order to state a cause of action under § 1983. Instead, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity. Id. at 60-61.

Biggs was decided on September 18, 1995, and the district court entered its final order on November 2. However, all of the motions to dismiss predated Biggs, and therefore, no briefing of the impact of Biggs was before the court when it issued its decision.

4

A determination of whether Drs. Longa and Vinh were sued in their individual capacities impacts heavily on the remainder of the issues in this case. First, if they were sued individually, they are not entitled to Eleventh Amendment immunity in a suit pursuant to § 1331. See Scheuer v. Rhodes, 416 U.S. 232, 237-38 (1974), overruled on other grounds, Davis v. Sherer, 468 U.S. 183 (1984). Likewise, in a suit pursuant to § 1983, the question of capacity may be determinative. Section 1983 allows suits for violations of civil rights only if the violator acts under color of state law. It is unclear whether the Department, and by extension its employees, acted under color of federal or state law, and the circuits are split on this issue. Compare Schoolcraft v. Sullivan, 971 F.2d 81, 88 (8th Cir. 1992) (holding that the state disability determination agency operates pursuant to state statutory authority), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3470 (U.S. Jan. 18, 1994) (No. 92-1392), and Laird v. Ramirez, 884 F. Supp. 1265, 1281-82 (N.D. Iowa. 1995), and Sorenson v. Concannon, 893 F. Supp. 1469, 1484 (D. Or. 1994), with Ellis v. Blum, 643 F.2d 68, 76 (2d Cir. 1981) (holding that state defendants acted as mere agents of the SSA), and Ostroff, 554 F. Supp. at 353 (state agency and official acted under color of federal law). In addition, if the district court finds that these Defendants were sued in their individual capacities, they may be protected from suit by qualified immunity.

Finally, with regard to the remaining claims in the complaint, we agree with the district court that they state no federal claim and therefore, do not confer federal jurisdiction. Furthermore, we find that it would be inappropriate for the district court to exercise supplemental jurisdiction over these claims should the claims against Drs. Longa and Vinh survive. A district court may exercise supplemental jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (1988). Appellants' claims regarding their foreclosure are entirely separate from their claims against the employees of the Department for negligent handling of Ms. Marks's disability claim. None of the Defendants are the same, and the proof required for each claim would not overlap.

Based on the foregoing reasoning, we remand for the limited purpose of addressing whether Appellants state a claim against Drs.

5

Longa and Vinh in their individual capacities. We affirm the dismissal of all remaining defendants and claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>

6