**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLES EDWARD CASTLE, JR.,
Plaintiff-Appellant,

v.

JOHN L. WOLFORD, Chief of Police;
LATROY DURRETTE, Police Officer;

No. 97-2183

CARL SPROUSE, Police Officer; JAMES
R. MOONEY, Police Officer; CHERYL
SMITH, Police Officer; CITY OF
CHARLOTTESVILLE,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
B. Waugh Crigler, Magistrate Judge.
(CA-97-1-C)

Submitted: September 30, 1998

Decided: October 20, 1998

Before WILKINS and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Lindsay G. Dorrier, Jr., DORRIER LAW OFFICES, Scottsville, Vir-
ginia, for Appellant. Helen E. Phillips, Charlottesville, Virginia, for
Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Edward Castle, Jr., appeals from the district court's orders dismissing his 42 U.S.C.A. § 1983 (West Supp. 1998) action and denying his motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 52(b), 59. For the following reasons, we affirm in part and vacate and remand in part.

Castle filed a § 1983 action against the City of Charlottesville, John L. Wolford, Chief of the Charlottesville Police Department, and Latroy Durrette, Carl Sprouse, James Mooney, and Cheryl Smith, Charlottesville police officers. Castle alleged that the Defendants violated his Fourth, Sixth, and Fourteenth Amendment rights on August 30, 1996. The Defendants moved to dismiss, or in the alternative, for summary judgment. The district court dismissed Castle's complaint pursuant to Fed. R. Civ. P. 12(b)(6), after finding that the City of Charlottesville was not subject to liability under§ 1983, Officer Smith was not personally involved with the complained of incident, and Castle did not sue the remaining officers in their individual capacities. Castle subsequently filed motions to amend the court's opinion and judgment pursuant to Fed. R. Civ. P. 52(b), and to alter or amend the judgment and grant a new trial pursuant to Fed. R. Civ. P. 59. The district court denied the motions.

We review the district court's decision to grant a motion to dismiss under Rule 12(b)(6) de novo, construing the factual allegations in the light most favorable to the plaintiff. See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994); Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). Dismissal for failure to state a claim is proper where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

2

Viewing the facts in the light most favorable to Castle, they reveal that on August 30 he was driving in Charlottesville in his 1984 blue Oldsmobile station wagon. His wife and baby were passengers in the car. Officers Mooney and Sprouse activated the red and blue lights on their police cruisers, and Castle pulled his car over to the side of the street. Castle heard a voice over the loudspeaker directing him to exit the vehicle. He complied. He then observed a number of Charlottesville police vehicles and city policemen with pistols drawn and pointed in his direction. Officers directed him to turn around and walk backwards towards them with his hands raised over his head. He again complied, walking approximately forty or fifty feet. When he stopped, Castle alleges that he felt the barrel of a pistol placed in his back by Officer Durrette.

Officer Durrette instructed Castle to intertwine his fingers and place his hands on top of his head. Castle followed the instruction. Officer Durrette then removed Castle's left arm from his head, jerked and twisted the arm around his back, and placed Castle in a "full Nelson." Castle contends that he then apprised Officer Durrette and the other officers that Durrette had injured his shoulder. Castle further states that Officer Durrette then placed him under arrest.

Durrette removed Castle's right hand from his head and brought it down behind his back and placed him in handcuffs. Castle alleges that the officers inquired about the presence of guns and refused to answer Castle's questions about why he was detained or arrested.

Castle was then placed in Officer Durrette's police cruiser where Durrette asked Castle whether he had been in Augusta County, Virginia. Officer Durrette explained that the officers were looking for a man who was involved in a shooting in Augusta County. While Castle was still sitting in the police cruiser, Officer Durrette came up to the cruiser, opened the door and said "We got the wrong person . . . we're sorry . . . ." Upon his release, Castle returned to his vehicle and drove to the Charlottesville Police Department. He discussed the matter with an officer, who advised Castle to go to the emergency room at the local hospital.

Castle complains that during his detention, he was not permitted to contact his family or secure the assistance of counsel. He also alleges

3

that the Defendants violated his Fourth and Fourteenth Amendment rights by conducting an unreasonable search and seizure, his Sixth and Fourteenth Amendment rights by not informing him of the nature and cause of the accusation against him, and his Fourteenth Amendment rights not to be deprived of due process. Lastly, he complains that because of the Defendants' conduct, he was unable to attend the duties of truck driver for a period of four months and sustained damages and loss of earnings in the amount of $7500.

The district court dismissed Castle's action in its entirety. As the district court correctly found, Castle failed to state a claim against the City of Charlottesville under § 1983. The standards for imposing liability on a municipality under § 1983 are well settled in this circuit: "The substantive requirements for proof of municipal liability are stringent." Jordan ex rel. Jordan v. Jackson , 15 F.3d 333, 338 (4th Cir. 1994). Of course, the basic premise is that respondeat superior is not applicable to municipalities in the context of § 1983. Municipalities may not be held liable for the constitutional torts of their officers, employees, or agents merely because of the agency relationship. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978). To establish municipal liability under § 1983, the plaintiff must prove the existence of an official policy or custom of the municipality that proximately caused the deprivation of his rights. See Board of the County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, ___, 65 U.S.L.W. 4286, 4288 (U.S. Apr. 28, 1997) (No. 95-1100); Spell v. McDaniel, 824 F.2d 1380, 1385-87 (4th Cir. 1987). Municipal policies include formal and informal decisions made by municipal officials authorized to make final decisions. See Spell, 824 F.2d at 1385-86. Municipal customs are established by persistent, widespread practices of municipal officials, whether specifically authorized or not, which are so permanent and well settled as to have the force of law. See id. at 1386. Such practices are attributable to a municipality when they become so frequent in occurrence that actual or constructive knowledge is imputed. See id. at 1387.

In the instant case, Castle does not allege in his complaint that his injuries were caused by an official city policy or custom. Thus, Castle does not state a claim against the City of Charlottesville. The district court correctly dismissed Castle's claim against Defendant Wolford, Chief of Police, because it was based upon the theory of respondeat

4

superior and not on any personal involvement by Wolford. <u>See</u> <u>Monell</u>, 436 U.S. at 692. Also, the court correctly dismissed the claims against Officer Smith because Castle did not set forth any facts implicating the personal involvement of Officer Smith in the incident of August 30.

However, we conclude that the district court wrongfully dismissed the claims against Officers Durrette, Sprouse, and Mooney. The basis for the lower court's dismissal was its view that Castle's complaint did not sue the Defendants in their individual capacities, but rather only in their official capacities. The district court thus applied a stringent standard to Castle's complaint by requiring him to expressly plead that he was bringing the claims against the officers in their individual capacities. However, we have held that a litigant need not expressly plead that state officials are being sued in their individual, rather than official, capacities. <u>See Biggs v. Meadows</u>, 66 F.3d 56, 57 (4th Cir. 1995); Fed. R. Civ. P. 9(a). Rule 9 does not require that a § 1983 plaintiff expressly plead capacity, and it also prohibits courts from imposing a more stringent standard. <u>See Biggs</u>, 66 F.3d at 60.

Under the standard adopted by this court, when a plaintiff does not allege capacity specifically, the Court "must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." <u>Id</u>. at 61. One factor indicating that suit has been filed against a state official in a personal capacity might be the plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or custom, or the lack of indicia of such a policy or custom on the face of the complaint. <u>See id</u>. Another indicator that suit has been brought against a state actor personally may be a plaintiff's request for compensatory or punitive damages because such relief is not available in official-capacity suits. <u>See id</u>. The underlying inquiry is whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly. <u>See id</u>.

Applying the above analysis to Castle's complaint, we find that Castle's intent to hold the Defendants personally liable can be fairly ascertained. An examination of the substance of Castle's complaint reveals that his allegations focus on the Defendants' actions toward Castle, the manner in which they arrested him and conducted a war-

5

rantless search and arrest, and do not implicate an official policy or custom. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) (to establish personal liability under § 1983, it is sufficient to show that the official, acting under color of state law, caused the deprivation of a federal right.). As to the relief requested, Castle sought compensatory damages in the amount of $7500. It would have been illogical for Castle to sue the Defendants in their official capacities and to then request a form of relief that would be unavailable to him in such a suit. See Biggs, 66 F.3d at 61. Lastly, an examination of the course of proceedings reveals that the Defendants did not raise the argument that Castle did not sue them in their individual capacities in their motion to dismiss or that Castle was not entitled to monetary damages because this was an official-capacity suit. The Defendants also argued that Castle's claims lacked merit, which suggests that the Defendants perceived the complaint to state a claim against them as individuals. See Graham, 473 U.S. at 167 n.14 (when complaint does not specify whether officials are sued personally, the course of proceedings typically will indicate the nature of liability sought); Biggs, 66 F.3d at 61 (examining the course of proceedings to determine whether officials were sued personally). Overall, the relevant factors in this case demonstrate that Castle intended to sue the officers as individuals.

Because the district court wrongly dismissed Castle's complaint based on its erroneous conclusion that Castle intended to sue Officers Durrette, Sprouse, and Mooney only in their official capacities, we vacate that portion of the district court's order and remand this case for further proceedings. We affirm the dismissal of the City of Charlottesville, Chief of Police Wolford, and Officer Smith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART AND VACATED
AND REMANDED IN PART

6