<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-2309**

_____

EARL D. OSBORNE, JR.,

Plaintiff - Appellant,

versus

THE COUNTY COMMISSION OF KANAWHA COUNTY, WEST
VIRGINIA, a body corporate; KENT CARPER,
County Commissioner of Kanawha County, West
Virginia; DAVID C. HARDY, County Commissioner
of Kanawha County, West Virginia; HOPPY
SHORES, County Commissioner of Kanawha County,
West Virginia; DAVE TUCKER, Sheriff of Kanawha
County, West Virginia; CHARLES E. KING, JR.,
The Honorable, Judge, Thirteenth Judicial
Circuit, Kanawha County, West Virginia; PAUL
ZAKAIB, JR., The Honorable, Judge, Thirteenth
Judicial Circuit, Kanawha County, West
Virginia; TOD J. KAUFMAN, The Honorable,
Judge, Thirteenth Judicial Circuit, Kanawha
County, West Virginia; JAMES C. STUCKY, The
Honorable, Judge, Thirteenth Judicial Circuit,
Kanawha County, West Virginia; HERMAN C.
CANADY, JR., The Honorable, Judge, Thirteenth
Judicial Circuit, Kanawha County, West
Virginia; IRENE C. BERGER, The Honorable,
Judge, Thirteenth Judicial Circuit, Kanawha
County, West Virginia; LOUIS H. BLOOM, The
Honorable, Judge, Thirteenth Judicial Circuit,
Kanawha County, West Virginia,

Defendants - Appellees.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CA-02-1250-2)

Submitted: May 28, 2004                    Decided: September 27, 2005

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

C. Page Hamrick, Timothy Koontz, Charleston, West Virginia, for Appellant. Theresa M. Kirk, PULLIN, FOWLER & FLANAGAN, P.L.L.C., Charleston, West Virginia; John R. Teare, Jr., Rochelle Lantz Glover, BOWLES RICE MCDAVID GRAFF & LOVE, L.L.P., Charleston, West Virginia; John M. Hedges, Teresa J. Lyons, BYRNE & HEDGES, Morgantown, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Earl D. Osborne, Jr., appeals the district court's order denying relief on his complaint alleging violations of federal and state law arising out of the termination of his employment as Home Incarceration Supervisor. Osborne sued the Judges of the Thirteenth Judicial Circuit ("Judges") in Kanawha County, West Virginia, the County Commission of Kanawha County, West Virginia ("Commission"), and Dave Tucker ("Tucker"), the Sheriff of Kanawha County, West Virginia. We have reviewed the parties' briefs and the record and find no reversible error in the district court's dismissal of the Commission and Tucker. We therefore affirm those portions of the district court's order for the reasons stated by the court. Osborne v. County Comm'n of Kanawha County, W. Va., No. CA-02-1250-2 (S.D. W. Va. Sept. 29, 2003).

With regard to the district court's dismissal of the Judges based upon Eleventh Amendment immunity, Osborne asserts that the district court erred in concluding that he sued them only in their official capacities.[*] We agree and find that Osborne's intent to sue the Judges in their individual capacities can be fairly ascertained. See Biggs v. Meadows, 66 F.3d 56, 60-61 (4th

[*]Osborne does not challenge on appeal the district court's dismissal of his claims against the Judges in their official capacities or the dismissal without prejudice of his state law claims. See United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned.").

Cir. 1995). The plaintiff in his brief, p.3, insists that the defendant judges are sued in their individual capacities. The Eleventh Amendment does not bar suits seeking damages from government officials in their individual capacities. See S.C. State Ports Auth. v. Fed. Mar. Comm'n, 243 F.3d 165, 170 (4th Cir. 2001), aff'd, 535 U.S. 743 (2002). We therefore vacate that portion of the district court's order and remand for further proceedings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED