**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1363

KENISHA GREGORY; HUMBLE BEGINNINGS CHILD CARE, INC.,

Plaintiffs - Appellants,

v.

CURRITUCK COUNTY; CURRITUCK COUNTY DEPARTMENT OF SOCIAL
SERVICES; STATE OF NORTH CAROLINA DEPARTMENT OF HEALTH &
HUMAN SERVICES; KATHY ROMM; CARLA MEBANE; MAJORIE WHITE;
JAMES MIMS; BILL NEWNS,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at
Elizabeth City.  Richard E. Myers II, Chief District Judge.  (2:20-cv-00026-M)

Submitted:  February 24, 2022                    Decided:  May 20, 2022

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.  Judge
Quattlebaum dissents in part and concurs in part.

**ON BRIEF:** Sharika M. Robinson, THE LAW OFFICE OF SHARIKA M. ROBINSON,
Charlotte, North Carolina, for Appellants.  Amber I. Davis, John H. Schaeffer, NORTH
CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina; Brian F. Castro,
James R. Morgan, Jr., WOMBLE BOND DICKINSON (US) LLP, Raleigh, North

Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenisha Gregory and Humble Beginnings Child Care, Inc. ("Humble Beginnings") filed a complaint against Currituck County ("the County"); Currituck County Department of Social Services; several county employees; the State of North Carolina Department of Health and Human Services ("NCDHHS"); and Marjorie White, Licensing Consultant for NCDHHS (collectively, "Defendants"). Gregory and Humble Beginnings ("Plaintiffs") alleged violations of their rights pursuant to 42 U.S.C. §§ 1983, 1985, and North Carolina state law. Plaintiffs appeal from the district court's order granting Defendants' Fed. R. Civ. P. 12(b)(1), (6) motions to dismiss. We affirm in part, vacate in part, and remand.

On appeal, Plaintiffs argue that the district court improperly granted Defendants' motions to dismiss—specifically challenging the court's application of the statute of limitations with respect to the County and its employees (the "County Defendants"), the application of sovereign immunity with respect to White and NCDHHS (the "State Defendants"), and the dismissal of the related state law claims. We review a district court's dismissal under Rule 12(b)(1) and Rule 12(b)(6) de novo. *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018); *In re KBR, Inc.*, 744 F.3d 326, 333 (4th Cir. 2014).

Actions under sections 1983 and 1985 are subject to the applicable state statute of limitations. *See* 42 U.S.C. § 1988(a); *Sattler v. Johnson*, 857 F.2d 224, 226 n.3 (4th Cir. 1988). In this case, the North Carolina statute of limitations of three years for personal injury actions applies to the federal law claims. As the complaint does not allege actions by the County Defendants within the three years prior to the filing of the complaint,

3

Plaintiffs argue for application of the continuing violation doctrine. The doctrine states that "when a harm has occurred more than once in a continuing series of acts or omissions, a plaintiff under certain circumstances may allege a 'continuing violation' for which the statute of limitations runs anew with each violation." *Depaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). "[T]o establish a continuing violation[,] the plaintiff must establish that the unconstitutional or illegal act was a fixed and continuing practice" and the "same alleged violation [must have been] committed at the time of each act." *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1166-67 (4th Cir. 1991) (cleaned up). "A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Id.* at 1166 (internal quotation marks omitted). Additionally, at least one act of discrimination must have occurred within the limitations period. *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 281 n.2 (4th Cir. 2000). Because Plaintiffs have not alleged an act of discrimination by the County Defendants within the limitations period, the district court correctly determined that the continuing violation doctrine did not apply and that Plaintiffs' claims against the County Defendants were barred by the statute of limitations. *See Nat'l Advert. Co.*, 947 F.2d at 1168 ("A continuing wrong theory should not provide a means of relieving plaintiff from its duty of reasonable diligence in pursuing its claims." (cleaned up)).[1]

---

[1] Additionally, because Plaintiffs raise an equitable tolling argument for the first time on appeal, they have waived review of this issue. *See Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020) (stating that, absent exceptional circumstances, "this court does not consider issues raised for the first time on appeal" (cleaned up)).

Next, we turn to Plaintiffs' argument that sovereign immunity does not bar the federal law claims asserted against the State Defendants. "State sovereign immunity bars all claims by private citizens against state governments and their agencies, except where Congress has validly abrogated that immunity or the state has waived it." *Biggs v. N.C. Dep't Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020) (cleaned up). "Congress has not abrogated sovereign immunity for § 1983 suits," *id.* (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)), and Plaintiffs' argument that Congress abrogated sovereign immunity with respect to § 1985 suits is without support. Plaintiffs do not allege that North Carolina has waived its immunity. Moreover, claims for damages brought under § 1983 can only be brought against "persons" acting under color of state law, and neither states nor state officials acting in their official capacities are considered "persons" under § 1983. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Thus, the district court did not err in determining that the federal law claims brought against the NCDHHS and White, in her official capacity, were barred by sovereign immunity.

Plaintiffs assert, however, that the district court erred in dismissing the claims against White because White was sued in both her official and individual capacities. A plaintiff is not required to expressly plead capacity and "[w]hen a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Biggs v. Meadows*, 66 F.3d 56, 60-61 (4th Cir. 1995). In conducting such examination, a court may consider several relevant factors: whether "the plaintiff[] fail[ed] to allege that the defendant acted in accordance with a governmental policy or

5

custom, or the lack of indicia of such policy or custom on the face of the complaint";

whether the plaintiff made "a . . . request for compensatory or punitive damages, since such

relief is unavailable in official capacity suits"; and whether the defendant raised a qualified

immunity defense, which "indicates that the defendant interpreted the plaintiff's action as

being against him personally." *Id.*

Defendants correctly point out that *Biggs v. Meadows* only applies when a complaint

does not specifically allege capacity, *see Amos v. Md. Dep't of Pub. Safety & Corr. Servs.*,

126 F.3d 589, 609 (4th Cir. 1997), *vacated on other grounds*, 524 U.S. 935 (1998), and

they argue that the complaint in this case unambiguously stated that White was being sued

in her official capacity.  Although the complaint stated that "[a]t all times relevant hereto,

Defendant Marjorie White . . . was acting under color of state [sic] in her capacity as the

Licensing Consultant of North Carolina Department of Social Service [sic]," it did not

specifically state whether it was suing White in her individual or official capacity.

Moreover, the case caption in the complaint does not state White's title or note a capacity

in which she is named.

Applying the *Biggs* factors to this case, aside from Plaintiffs' allegation that White

refused to increase her rating, the contentions against White in the complaint do not involve

application of governmental policy.  Although many of the claims against White involve

discretionary actions taken in furtherance of her role with NCDHHS, the complaint

includes allegations that White broke into Gregory's car, falsely reported that Gregory filed

a fraudulent insurance claim, and had Gregory fired from her job, all alleged actions taken

by White outside of her position with NCDHHS.

6

As for the relief sought, Plaintiffs' complaint requested compensatory and punitive damages. *See Biggs*, 66 F.3d at 61 (stating that "compensatory [and] punitive damages . . . [are] unavailable in official capacity suits"). While Defendants did not initially assert qualified immunity as a defense in their motion to dismiss, they did raise the defense in their reply brief in response to Plaintiffs' assertions that White was sued in her individual capacity, as well as her official capacity. Given the varied nature of the claims against White, the fact that the complaint sought monetary damages, and the fact that the proceedings put Defendants on notice of the individual capacity claims, we find that Plaintiffs' intention to sue White in both her official and personal capacities can be "ascertained fairly." *Id.* Therefore, the district court erred in granting Defendants' motions to dismiss with respect to the claims against White.

Finally, Plaintiffs challenge the district court's dismissal of their state law claims. After dismissing all of Plaintiffs' federal claims, the court declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c). *See* 28 U.S.C. § 1367(c)(3) (stating that "[t]he district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"). However, because the court prematurely dismissed the federal claims against White in her individual capacity, we conclude that the court similarly erred in dismissing the related state law claims under § 1367(c)(3).

Accordingly, we vacate the district court's order with respect to its dismissal of the federal claims against White in her individual capacity and the related state law claims and remand for further proceedings. We affirm the district court's order with respect to all

7

other claims.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*

---

[2] Judge Quattlebaum dissents from the portion of the opinion that vacates the district court's order dismissing the federal claims against White in her individual capacity and the related state law claims.  He concurs with the opinion as to its disposition of all other claims.