110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Usman Shehu SULE, Plaintiff-Appellant,
v.
Jerry WAIT; Teresa Harper; Mary Sullivan; Christopher
Cruz, Defendants-Appellees.
 No. 96-35168.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 26, 1997.
 
 1
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Usman Shehu Sule appeals the district court's grant of summary judgment for the defendants in his Bivens action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 BACKGROUND
 
 4
 On May 4, 1993, a Unit Disciplinary Committee composed of defendants Teresa Harper and Christopher Cruz sanctioned Sule for violating Bureau of Prisons regulations prohibiting prisoners from attempting to give money or any item of value to another inmate and from unauthorized use of the mail. Sule, while incarcerated, had sent a letter, addressed to a fictitious law firm and marked as "legal mail," to his mother-in-law asking her to send $50 to another inmate. Sule admitted to the violation. He received a 14-day cell restriction and a 90-day loss of preferred housing. Defendants stated they chose these sanctions to keep Sule in an area where he could be more closely watched. Sule was given a written notice explaining his restriction: "You may not leave your cell while on restriction except for religious services, approved programming and meals."
 
 
 5
 On May 10, 1993, while Sule was under cell restriction, defendants Harper and Wait saw him returning from the law library. Sule believed his restriction did not apply to the law library. Wait consulted with defendant Mary Sullivan regarding access to the law library. They decided that Sule would be allowed six hours of library access per week, with the provision that Sule could request additional time if he had imminent court deadlines. Because Sule had not adhered to his initial restriction, the restriction began running anew on May 10.
 
 
 6
 On May 11, 1993, Sule was found out of his cell in violation of his restriction. On June 4, 1993 he was sanctioned to 15 days in disciplinary segregation, suspended pending 180 days of clear conduct, and 30 days cell restriction, with the same restrictions on law library access.
 
 
 7
 On June 23, 1993, Sule sent Sullivan a complaint stating that two weeks earlier he had requested additional law library access because an appeal in the Second Circuit was due June 29. Sullivan responded on June 25 that she had not received the earlier request and asked for the case name and number so she could verify the deadline. Sule wrote Sullivan on July 1 and refused to give her information on his appeal, stating that if she did not believe him, "that's your problem."
 
 
 8
 Sule sued the defendants for violation of his constitutional rights. Defendants moved for summary judgment. On April 24, 1995, the district court advised Sule of the federal summary judgment standards, as required by Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir.1988), and gave Sule twenty days to respond to the defendants' motion.
 
 
 9
 Sule filed an opposition to summary judgment. Neither the opposition nor the complaint were verified under penalty of perjury. Six months later, Sule filed a notice of verified pleadings, complaints, and motions in which he stated that all documents previously filed were filed under penalty of perjury.
 
 
 10
 The district court concluded that Sule's amended complaint and opposition memorandum were not verified because the notice of signing under penalty of perjury was signed over six months after Sule had signed the documents. Therefore, the summary judgment motion was considered without rebuttal evidence in the record. The court granted defendants' motion for summary judgment, and noted that it would have reached the same conclusion had it considered Sule's filings to be validly verified. Sule appeals (1) the district court's failure to accept his pleading and opposition as verified, (2) summary judgment against him on his retaliation and harassment claims, and (3) summary judgment against him on his denial of access to the law library claim.
 
 DISCUSSION
 A. Standard of Review
 
 11
 We review a grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1994). We review a district court order excluding evidence in the context of summary judgment for an abuse of discretion. Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 886 (9th Cir.1996).
 
 B. Verification of Filings
 
 12
 A verified complaint may be used as an opposing affidavit under Rule 56. Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir.1995). Sule failed to verify his complaint or opposition until six months after the district court informed him he had twenty days to respond to the defendant's summary judgment motion. We cannot say that the district court abused its discretion in refusing to consider the complaint or opposition verified when ruling on the defendants' summary judgment motion.
 
 C. Retaliation and Harassment
 
 13
 Sule alleges that his constitutional rights were violated because Harper used abusive language and pointed her finger at him, and Wait told him that the prison officials were going to make him miserable.
 
 
 14
 An official is entitled to qualified immunity unless (1) the law governing the official's conduct was clearly established, and (2) a reasonable official could not have believed that the conduct was lawful. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993).
 
 
 15
 Prison guards' threats of bodily harm or verbal harassment are not a constitutional deprivation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (prison guards' threats of bodily harm, made to convince prisoner to refrain from legal action, are insufficient to state a claim under § 1983). Even if the defendants made the statements that Sule alleges, they did not violate his clearly established constitutional rights. Defendants are entitled to qualified immunity.
 
 D. Law Library Access
 
 16
 Included within prisoners' constitutional right of access to the courts "is a prisoner's right to access to adequate law libraries." Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir.1994) (citing Bounds v. Smith, 430 U.S. 817 (1977)). "[T]here is no established minimum requirement for satisfying the access requirement; rather, a reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access." Id. (citation omitted).
 
 
 17
 Prison officials may place reasonable limitations on law library access in the interest of the secure and orderly operation of the institution. Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir.1987). Sule had opportunity to use the law library six hours a week, and could use it more upon confirmation of an imminent deadline. Sule has given no reason for his failure to provide Sullivan sufficient information to confirm his court deadline. Sule was not denied meaningful access to the law library.
 
 
 18
 Alternatively, defendants are entitled to qualified immunity. A reasonable official could have believed that restricting Sule to six hours of law library access a week was a reasonable limitation in the interest of a secure and orderly institution. See Act Up!/Portland, 988 F.2d at 871.
 
 
 19
 Sule also argues that the defendants limited his library access in retaliation for his lawsuits against prison officials. To prevail, Sule must prove that he was retaliated against for exercising his constitutional rights and that "the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir.1994).
 
 
 20
 Without Sule's complaint or opposition as evidence, he has no evidence of retaliation. If the complaint and opposition were admitted, Sule states that (1) staff and inmates told him they heard his punishment was the result of his filing lawsuits, and (2) he saw Wait and Cruz fondle Harper. To function as an opposing affidavit, a verified complaint must be based on personal knowledge and set forth specific facts admissible in evidence. Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir.1995). Sule's statement about his punishment fails to meet this standard--it is based on hearsay. Assuming Sule's statement about Harper is intended to create a motive for retaliation, there is no evidence the defendants were aware of Sule's knowledge. Sule's statements are not evidence that he was retaliated against. Further, the alleged retaliatory action advances the legitimate penological goal of preserving order in the prison and punishing inmates for violations of regulations.
 
 
 21
 Sule has failed to demonstrate a genuine issue of material fact that the defendants' actions were unreasonable, that they are not entitled to qualified immunity, or that they retaliated against Sule.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3