**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

LARRY YARBROUGH;
LANITA YARBROUGH,

      Plaintiffs-Appellants,

v.

THE CITY OF KINGFISHER;
KINGFISHER COUNTY BOARD
OF COUNTY COMMISSIONERS;
COUNTY OF KINGFISHER;
KINGFISHER COUNTY SHERIFF,
individually and in their capacity
as public servants,

      Defendants-Appellees.

No. 97-6352
(D.C. No. 96-CV-1947-L)
(W.D. Okla.)

---

ORDER AND JUDGMENT  *

---

Before **KELLY** , **BARRETT** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  Appellants' request

---

*       This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

for oral argument is therefore denied, and the case is ordered submitted without oral argument.

Plaintiffs Larry Yarbrough and Lanita Yarbrough appeal the district court's grant of summary judgment to defendants City of Kingfisher (City), Board of Commissioners of the County of Kingfisher (Commissioners), Kingfisher County (County), and the Sheriff of Kingfisher County, individually and in their capacity as public servants, on plaintiffs' complaint alleging various civil rights violations. We exercise jurisdiction under 28 U.S.C. § 1291, and we affirm.

In their complaint, plaintiffs alleged that the City law enforcement officers continually harassed plaintiffs and attempted to destroy Mr. Yarbrough's restaurant business. Mr. Yarbrough further alleged that while he was incarcerated in the Kingfisher County Jail, awaiting trial on charges of conspiracy to commit a felony, felony possession of marijuana, possession of drug paraphernalia, and possession of narcotics with intent to distribute, he was denied bail for twenty-one months. He claimed that he was denied adequate medical care and proper food, was in fear for his life due to a comment by the Sheriff, and was denied due process when certain documents were removed from his cell. In a pendant state law claim, Mr. Yarbrough alleged that he was libeled when the Sheriff gave statements to the media.

Plaintiff Lanita Yarbrough, Mr. Yarbrough's daughter, separately alleged that the City's police officers had subjected her to harassment including "pull[ing] her off the road," had failed to adequately investigate four burglaries she reported at her father's restaurant, intimidated her by walking through the restaurant, and generally harassed her until she felt she had to move to Oklahoma City. R. Vol. I, tab 1 at 3. [1]

Defendants moved for summary judgment asserting that (1) plaintiffs' claims arising before November 10, 1994, were time barred, (2) Mr. Yarbrough did not state a cognizable constitutional claim against the County or the Board, (3) no custom or policy of the Sheriff deprived Mr. Yarbrough of a constitutional right, (4) the Sheriff, in his individual capacity, was entitled to qualified immunity, (5) in the alternative, Mr. Yarbrough failed to state a cause of action for deliberate indifference against the Sheriff, (6) Mr. Yarbrough failed to state a claim under 41 U.S.C. § 1981, (7) Mr. Yarbrough failed to state a claim for libel, Mr. Yarbrough did not state a cognizable claim under § 1983 against the

---

[1]      Ms. Yarbrough's claims arose from incidents allegedly occurring prior to Mr. Yarbrough's arrest on November 4, 1994. She testified in deposition that she was not harassed by the City police after that date. Plaintiffs' complaint was filed on November 20, 1996. In granting summary judgment on plaintiffs' claims arising before Mr. Yarbrough's arrest, the district court found that these claims were time barred by Oklahoma's two-year statute of limitations.        See Okla. Stat. Ann. tit. 12, § 95. In their appellate brief, neither plaintiff refutes this finding. See State Farm Fire & Cas. Co. v. Mhoon    , 31 F.3d 979, 984 n.7 (10th Cir. 1994) (failure to raise an issue in the opening brief waives the issue).

City, (8) Mr. Yarbrough cannot bring claims under § 1983 against the City regarding his prosecution and conviction, and (9) plaintiffs' complaint should be dismissed for failure to comply with district court orders.

In granting summary judgment on all grounds asserted by defendants, the district court found that plaintiffs failed to present any specific facts in support of their contentions, and that their allegations were speculative and conclusory. The court stated that defendants' requests for summary judgment were supported by citations to controlling federal law which plaintiffs failed to call into question or refute. In the alternative, the court found that defendants were entitled to dismissal due to plaintiffs' failure to cooperate in discovery and failure to comply with the district court's orders.

On appeal, Mr. Yarbrough asserts that the district court erred (1) in granting summary judgment on his claim that he was denied bail, (2) in granting summary judgment on his claim that the Sheriff made a death threat to him, and (3) in concluding that no material issue of fact remained for trial on his issue of harassment by the City police.

"We review a district court's grant of summary judgment de novo, viewing all the evidence in the light most favorable to the nonmoving party." Barney v. Pulsipher, No. 96-4192, 1998 WL 213684, at *4 (10th Cir. May 1, 1998). A grant

of summary judgment is appropriate if there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law.          See id.

Initially, Mr. Yarbrough asserts that the district court erred in granting summary judgment on his claim that he was denied bail for twenty-one months. In his deposition, when asked what evidence he had that the Sheriff had denied him bond, he answered that his bond was $151,000, and that the sheriff's office erased that amount from a board in the jail and told him his bond was $451,000. He stated that he asked to bond out, but "[t]hey didn't let me out of the cell." Appellants' Opening Br., ex. B at 28. The setting of bail in Oklahoma is within the sound discretion of the trial court,      see Bowman v. State  , 585 P.2d 1373, 1377 (Okla. Crim. App. 1978), and Mr. Yarbrough does not offer factual support or argument which would indicate that any of the defendants had control over the amount of his bond or his ability to bond out of the jail. Summary judgment on this claim was correct.

Next, Mr. Yarbrough claims that the district court erred in granting summary judgment on his claim that the Sheriff had made a death threat against him. He asserts that Sheriff Danny Graham, "in a fit of rage," said to him, "'I can take a nigger and put him in one of those cells and hang'em and leave him there until I figger out what to do with his body.'" Appellants' Opening Br. at 4. In granting summary judgment on this claim, the district court found it

undisputed, that even if the Sheriff made this statement, he then turned and walked away. Mr. Yarbrough did not allege that the Sheriff made any further threatening comments or actions.

Qualified immunity is an affirmative defense to § 1983 claims available to law enforcement personnel who are sued in their individual capacities. See Barney, 1998 WL 213684, at *7. "'In analyzing qualified immunity claims, we first ask if a plaintiff has asserted the violation of a constitutional right at all, and then assess whether that right was clearly established at the time of a defendant's actions.'" Id. (quoting Gehl Group v. Koby, 63 F.3d 1528, 1533 (10th Cir. 1995)). We have held that verbal harassment or abuse is insufficient to state a constitutional violation under § 1983. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). Therefore, even construing Mr. Yarbrough's arguments liberally, as is our practice in pro se cases, see Haines v. Kerner, 404 U.S. 519, 520 (1972), he has failed to establish a constitutional violation against the Sheriff in his individual capacity, and summary judgment based on qualified immunity was appropriate.

Mr. Yarbrough also brought this claim against the County, the Sheriff, and the Commissioners in their official capacities. A county "may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortuous acts of its employees." Barney, 1998 WL 213684, at *5.

In recently revisiting this issue, the Supreme Court held that a municipality is liable only when the official policy is the "'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Board of County Comm'rs v. Brown, 117 S. Ct. 1382, 1388 (1997).

As discussed above, the Sheriff's statement did not constitute a constitutional violation or deprivation under § 1983. See Collins, 603 F.2d at 827. Moreover, Mr. Yarbrough does not allege that the County or the Commissioners have an official policy sanctioning racial harassment of prisoners. Therefore, he has failed to state a cognizable claim against these defendants in their official capacity, and summary judgment was appropriate.

Lastly, Mr. Yarbrough asserts that the district court erred in finding there was no material factual dispute which would allow his case to go to a jury. In this general context, he appears to argue that there were material facts in dispute as to the alleged harassment by the Kingfisher Chief of Police Thomas G. Jones and other City police officers. As discussed earlier, the district court found that all of plaintiffs' alleged incidents of harassment by the City police occurred prior to Mr. Yarbrough's arrest on November 10, 1994, and thus, were time barred. Plaintiffs present no argument challenging this finding. Therefore, because these

claims were time barred, whether disputed facts existed was irrelevant, and summary judgment to these defendants was proper.

We have thoroughly read the parties briefs and the relevant record in this case. Even construing plaintiffs' issues on appeal liberally, they raise no other challenges to the district court's order. Therefore, we deem all other issues decided in the district court's order to be waived on appeal. See Drake v. City of Fort Collins , 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded pro se pleadings, the court will not construct argument or theories for the plaintiff in the absence of any discussion of those issues.").

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge