**Darryl JONES, Plaintiff,**

v.

**CULINARY MANAGER II, Dennis OLDT, et. al., Defendants.**

No. CIV. A. 97–6546.

United States District Court, E.D. Pennsylvania.

Dec. 9, 1998.

---

Darryl Jones, Graterford, PA, pro se.

Dalinda E. Carrero, Susan J. Forney, Office of Atty. Gen., Litigation Section, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is Defendants, Sergeant George Daniels ("Daniels"), Lieutenant James Davies ("Davies"), and Lieutenant John Richardson's ("Richardson") (collectively "Defendants"), Motion for Summary Judgment on all counts of Plaintiff, Darryl Jones' ("Jones" or "Plaintiff"), complaint. Plaintiff's complaint seeks recovery under 42 U.S.C. § 1983 for violations of his Eighth and Fourteenth Amendment rights to be free of sexual harassment. For the following reasons Defendants' Motion is granted.

## BACKGROUND

Plaintiff, who is incarcerated at the State Correctional Institution at Graterford ("SCI Graterford"), began working as a kitchen cook in 1985. Plaintiff initially worked in the general inmate population kitchen; however, at the time of the alleged incident, he was working in the special dietary kitchen. Plaintiff alleges that during the morning shift on August 5, 1997 he asked Daniels to open the freezer so that he could get ice cream for himself and some of the other inmates. Plaintiff alleges that while in the freezer storage area Daniels "walked up to me and kind of like spinned [sic] me around in the position that he wanted me to be in and he pinned me down to the boxes." (Pl.'s Dep. at 52–53). Plaintiff then alleges that Daniels "started grinding" on Plaintiff's buttocks and stated "I've got something cold and hard for you." Plaintiff estimates that the incident lasted approximately 15–20 seconds. Plaintiff testified that both men were fully clothed during the incident.

Plaintiff ran out of the freezer after the incident and informed Richardson and two kitchen stewards of Daniels' conduct. Plaintiff alleges that Daniels, upon exiting the freezer, also told Richardson and the two stewards what had just occurred. Plaintiff did not seek or receive any medical treatment for this alleged incident.

Plaintiff filed a grievance, Grievance No., GRA–1893–97, complaining of the August 5, 1997 incident. However, the grievance coordinator determined that there was insufficient evidence to accuse Daniels of any wrongdoing concerning the alleged incident. Notwithstanding the grievance coordinator's findings, Defendant Davies was ordered to conduct an independent internal investigation into the alleged incident. Plaintiff was removed from his assignment in the kitchen pending outcome of Davies' investigation. Davies' investigation included several interviews with Plaintiff, a review of documents provided to Davies by Plaintiff, and an interview of both Daniels and Richardson. Davies also contacted the local state police barracks, as did Jones, to inform them of his investigation and request that a state trooper assist in the investigation. Trooper John Nelson ("Nelson") was assigned to the case. Trooper Nelson also interviewed Plaintiff, Daniels, and Richardson, as well as one of Plaintiff's inmate witnesses. Further, Nel-

son requested Plaintiff take a polygraph test, which Plaintiff took and did not pass. Following this investigation, Davies concluded that there was not sufficient evidence to substantiate Plaintiff's claims and thus closed both the internal and criminal investigations.

At deposition, Plaintiff testified to other alleged incidents regarding Daniels' harassment, all of which occurred while both men were fully dressed. For instance Plaintiff testified that on one occasion Daniels pushed Plaintiff's head into a soap dispenser which caused a knot on Plaintiff's head, punched Plaintiff in the face, and began "grinding" on Plaintiff's buttocks. On another occasion Plaintiff alleges that Daniels attempted to push a roll of plastic up Plaintiff's buttocks. On another occasion, Daniels hit Plaintiff in the head with a roll of plastic causing Plaintiff to fall. While Plaintiff was on the ground, Daniels allegedly picked up Plaintiff's arms and ordered another inmate to pick up Plaintiff's legs and allowed the other inmate to "grind on" Plaintiff. Plaintiff also alleges that on several occasions Daniels grabbed his buttocks. Plaintiff did not seek medical treatment for any of these alleged incidents and did not file a grievance concerning any of these incidents or even inform anyone at SCI Graterford of this alleged conduct.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, reveal no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). Our responsibility is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 247–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The presence of "a mere scintilla of evidence" in the nonmovant's favor will not avoid summary judgment. Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir.1989) (citing Anderson, 477 U.S. at 249, 106 S.Ct. 2505). Rather, we will grant summary judgment unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S.Ct. 2505.

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. Id. at 256, 106 S.Ct. 2505. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1531 (3d Cir.1990) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

### II. PLRA Exhaustion of Administrative Remedies

Defendants argue that in deciding this Motion, the Court should only consider Daniels' alleged conduct in the freezer on August 5, 1997 because the Prison Litigation Reform Act ("PLRA") specifically modified 42 U.S.C. § 1997e(a) to require exhaustion of the administrative grievance procedures available.[1]

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[2] In cases determining that sexu-

---

[1] Defendants also argue that the Court should not consider these allegations because Plaintiff has not filed an amended complaint alleging the various other incidents. We would have given Plaintiff an opportunity to amend the complaint to include these other allegations. However, since we determine here that these claims cannot presently be heard due to the exhaustion require-

ments of the PLRA, an amendment at this point would be futile.

[2] The PLRA, which implemented this change to § 1997e(a), did not define "prison conditions." Other courts have determined that the definition of "prison conditions" used elsewhere in the PLRA are incorporated into this section. See Hollimon v. DeTella, 6 F.Supp.2d 968, 969

al harassment claims can state a cause of action under the Eighth Amendment, the claims have been analyzed as conditions of confinement claims. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310–11 (10th Cir.1998); *Boddie v. Schnieder*, 105 F.3d 857, 860–61 (2d Cir.1997).[3] Therefore, Plaintiff's sexual harassment claims require exhaustion of available administrative remedies under 42 U.S.C. § 1997e(a).

■ The Pennsylvania Department of Corrections has established a Consolidated Inmate Grievance Review System. DC–ADM 804 (effective October 20, 1994); *see also Mitchell v. Horn*, No. CIV.A. 98–4742, 1998 WL 695058, *2 (E.D.Pa. Sept. 29, 1998) (recognizing the Grievance System). Plaintiff was aware of SCI Graterford's grievance procedure as evidenced by Plaintiff's availing himself of the grievance process for the August 5, 1997 incident. Plaintiff admits that he did not file grievances for any of the other incidents alleged in his deposition. *See* (Pl.'s Dep. at 114). Therefore, according to 42 U.S.C. § 1997e(a) this Court can only consider the August 5, 1997 incident for which Plaintiff availed himself of the available grievance procedure.[4]

### III. Eleventh Amendment

Defendants move for summary judgment on damages claimed against them in their official capacities based on the Eighth Amendment. Plaintiff responds that the complaint, read as a whole, makes claims against the defendants in their individual and official capacities and thus the Eleventh Amendment does not act as a complete bar to his recovery.

■ The Eleventh Amendment prohibits suits in federal court against a state or its agencies. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54–55, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252 (1996). The immunity afforded by the Eleventh Amendment can only be abrogated by Congress or by state consent. *Id.* at 1122–23. Congress has not abrogated the immunity regarding Plaintiff's claims nor has Pennsylvania consented to suit. *See* 42 Pa.C.S.A. § 8521(b). However, suits involving injunctive relief or suits against state officials for actions in their individual capacities are not prohibited. *See Hafer v. Melo*, 502 U.S. 21, 30–31, 112 S.Ct. 358, 364–65, 116 L.Ed.2d 301 (1991)("Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983").

■ Plaintiff's complaint has not specifically pled the capacity in which Defendants are being sued. Thus, we must review the nature of plaintiff's claims, the relief sought, and the course of proceedings to determine whether the complaint can be fairly read to state claims against the defendants in their

(N.D.Ill.1998); *Morgan v. Arizona Dep't. of Corrections*, 976 F.Supp. 892, 895–96 (D.Ariz.1997). These courts have determined that § 1997e(a) adopts the definition of prison conditions found in 18 U.S.C. § 3626g(2)(which was part of the PLRA). Section 3626g provides that "(2) the term 'civil action with respect to prison conditions' means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison...." 18 U.S.C. § 3626g(2). These courts have thus determined that complaints ranging from failure to protect to strip searches to sexual harassment meet this definition and require exhaustion of administrative remedies. *See generally Bradford v. Moore*, No. 97–1909, 1998 WL 476206, *1, 156 F.3d 1228 (6th Cir. Aug. 3, 1998)(destruction of property, tainting of food and sexual harassment)(unpublished table decision); *Hollimon*, 6 F.Supp.2d at 969 (strip searches); *Morgan*, 976 F.Supp. at 895–96 (failure to protect).

Other courts analyzing the meaning of the term "prison conditions," citing *Farmer v. Brennan*, 511 U.S. 825, 832–33, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994), have made a distinction between Eighth Amendment claims for use of excessive force, which these courts have determined does not require exhaustion under § 1997e(a), and conditions of confinement claims. *See Johnson v. O'Malley*, No. CIV.A.96–6598, 1998 WL 292421, * 1 (N.D.Ill. May 19, 1998); *Rodriguez v. Berbary*, 992 F.Supp. 592, 593 (W.D.N.Y.1998).

3. While this Court believes it is possible for sexual assault claims to rise to the level of excessive force, in this case Plaintiff has not alleged any physical injury.

4. Plaintiff is at liberty to pursue these claims at a later time, assuming he can comply with the grievance procedures concerning these claims.

individual capacities as well as official capacities. *See Biggs v. Meadows,* 66 F.3d 56, 61 (4th Cir.1995); *see also Hafer,* 502 U.S. at 24, 112 S.Ct. at 361. Factors relevant to a determination that the state officials are being sued in their individual capacities are "the plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or custom," "a plaintiff's request for compensatory or punitive damages, since such relief is unavailable in official capacity suits," and "the nature of any defenses raised in response to the complaint . . . [b]ecause qualified immunity is available only in a personal capacity suit." *Biggs,* 66 F.3d at 61. The goal is to determine "whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." *Id.*

■ In the instant case, Plaintiff has requested injunctive relief, compensatory damages, and punitive damages against Defendants. Further, Plaintiff has not alleged that the Defendants' were acting pursuant to a governmental policy or custom. Finally, Defendants have asserted qualified immunity as a defense to any individual capacity claims. *See* (Def.s' Ans. Affirm. Def. at ¶ 2). We conclude, after a review of the nature of the proceedings, the relief requested by Plaintiff, and the defenses asserted, that the complaint can fairly be ascertained to assert claims against Defendants in their individual capacities. *See Biggs,* 66 F.3d at 61.

The Eleventh Amendment will bar any damages claims against the Defendants in their official capacities. However, since the complaint can be fairly read to state claims against the Defendants in their individual capacities, the Eleventh Amendment is not a complete bar to Plaintiff's recovery.

### IV. Personal Involvement of Defendant Davies

Defendant Davies moves for summary judgment claiming that Plaintiff has not alleged that Davies was sufficiently involved in the alleged deprivation of constitutional rights to state a claim against him. Plaintiff alleges that Davies failed to perform a proper investigation and thus failed to take the steps necessary to address Plaintiff's claim of harassment by Daniels.

■ In order to successfully state a civil rights claim against Davies, the Plaintiff must assert "some affirmative conduct by the supervisor that played a role in the discrimination." *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1478 (3d Cir.1990); *see also Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988)("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior* "). "The necessary involvement can be shown in two ways, either 'through allegations of personal direction or of actual knowledge and acquiescence.' " *Id.* (quoting *Rode,* 845 F.2d at 1207). "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode,* 845 F.2d at 1207.

■ Plaintiff's claims against Davies are that, *after* the alleged discriminatory conduct took place, Davies failed to adequately investigate Plaintiff's grievances. *See* (Pl.'s Dep. at 104–105). Plaintiff has not alleged any way in which Davies had knowledge of and/or acquiesced in the alleged discriminatory conduct. Therefore, Plaintiff has not sufficiently alleged a civil rights action against Defendant Davies, and summary judgment will be granted on all counts of Plaintiff's complaint against Davies. *See Rode,* 845 F.2d at 1207.

### V. Davies Failure to Favorably Respond to Plaintiff's Grievance

Davies also seeks summary judgment on Plaintiff's claims that Davies failed to adequately investigate the complaints of Plaintiff in accordance with the grievance procedures as set up by the state institution. Davies argues that failure to follow these state-created procedures does not give rise to a civil rights claim.

" 'Prisoners are not entitled to a grievance procedure and the state creation of such a procedure does not create any federal constitutional rights.' " *Rivera v. Chesney,* No. CIV.A.97–7547, 1998 WL 639255, *4 (E.D.Pa. Sept.17, 1998)(quoting *Wilson v. Horn,* 971 F.Supp. 943, 947 (E.D.Pa.1997), *aff'd,* 142 F.3d 430 (3d Cir.1998)). "Prisoners do have a constitutional right to seek redress of their

grievances from the government, but that right is the right of access to the courts, and this right is not compromised by the failure of the prison to address his grievances." *Wilson,* 971 F.Supp. at 947.

Plaintiff states in deposition that his claims against Davies are that Davies "performed an improper investigation" in part by not checking into whether two other officers filed reports. *See* (Jones Dep. at pp. 104–06). This claim is insufficient to state a constitutional violation against Davies. Therefore, summary judgment will be granted as to Defendant Davies on all counts of Plaintiff's complaint on these grounds as well.

### VI. Eighth Amendment Sexual Harassment Claims

Defendants seek summary judgment for Plaintiff's sexual harassment claims brought pursuant to the Eighth Amendment arguing that Plaintiff has not shown that he suffered sufficient injury to rise to the level required under the Eighth Amendment.

 Sexual harassment of a prisoner by a prison official or guard can rise to the level of an Eighth Amendment violation. *See Barney v. Pulsipher,* 143 F.3d 1299, 1310 (10th Cir.1998); *Boddie v. Schnieder,* 105 F.3d 857, 860–61 (2d Cir.1997). The Eighth Amendment protects against cruel and unusual punishment. *See* U.S. Const. Amend. 8. "[T]he unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084 (1986). In order to hold an officer liable for violating the Eighth Amendment, two requirements must be met: 1) "the alleged punishment must be objectively, sufficiently serious" and 2) "the prison official must have a 'sufficiently culpable state of mind.'" *Boddie,* 105 F.3d at 861 (quoting *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994))(internal citations omitted). Sexual harassment can meet both of these requirements as "severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively sufficiently serious' enough to constitute an

Eighth Amendment violation" and "[w]here no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind." *Id.* (internal citations omitted).

 Defendants argue that the conduct alleged by Plaintiff is not sufficiently serious so as to warrant constitutional protection. As discussed *supra,* we will only consider the August 5, 1997 incident that allegedly occurred in the freezer. Plaintiff alleges that Daniels, while in the freezer with Plaintiff, pinned Plaintiff against some boxes and "started grinding" on Plaintiff's buttocks with his penis and threatened Plaintiff that he was going to have sex with him the first chance he got. (Pl.'s Dep. at 50–57). Plaintiff alleges that both men were fully clothed and that the incident lasted 15 to 20 seconds. *See* (Pl.'s Dep. at 56–57). This conduct is insufficient to state an Eighth Amendment claim for sexual harassment. *See Boddie,* 105 F.3d at 861 (not sufficient facts to state Eighth Amendment claim for sexual harassment where Plaintiff only asserted a small number of incidents alleging "he was verbally harassed, touched, and pressed against without his consent"); *Berryhill v. Schriro,* 137 F.3d 1073, 1076 (8th Cir.1998)(brief unwanted touch on buttocks not accompanied by sexual comments or banter insufficient to state Eighth Amendment claim); *Williams v. Kane,* No. CIV.A. 95–0379, 1997 WL 527677, *11 (S.D.N.Y. Aug.25, 1997); *Kaestner v. Mitchell,* No. CIV.A. 96–2370, 1996 WL 428357, *1 (N.D.Cal. July 24, 1996)(standing closer to plaintiff than was necessary and grabbing plaintiff's buttocks insufficient to state Eighth Amendment claim); *Duncan v. Keane,* No. CIV.A. 95–1090, 1995 WL 649931, *6 (S.D.N.Y. Nov.6, 1995)(plaintiff's allegations that he was sexually harassed and that on one occasion an officer "felt all over [his] rear end" insufficient to state Eighth Amendment claim).

Daniels conduct, if true, is reprehensible.[5] However, the one incident that is properly

---

[5] We also note that had Plaintiff's other claims of abuse by Daniels been properly presented to the

Court and properly supported by sufficient evi-

498

before the Court, which occurred on August 5, 1997, is insufficient to support an Eighth Amendment claim.

### VII. Verbal Harassment Claims Against Richardson

Defendant Richardson seeks summary judgment for Plaintiff's claims that he verbally harassed Plaintiff. Plaintiff alleges that Richardson harassed him by making sexually suggestive comments. Richardson argues that verbal harassment is insufficient to state a civil rights claim.

■ Verbal harassment of a prisoner without appreciable injury is generally insufficient to state a claim under § 1983. *See Barney*, 143 F.3d at 1310 n. 11 ("Plaintiff's claims of verbal harassment are only actionable '[i]n combination' with the assaults"); *Webb v. Foreman*, No. CIV.A. 93–8579, 1996 WL 596515, *3 (S.D.N.Y. Oct.17, 1996); *see generally Yarbrough v. City of Kingfisher*, No. 97–6352, 1998 WL 427122, * 2, 153 F.3d 730 (10th Cir. July 14, 1998)(unpublished table decision)(verbal harassment or abuse is insufficient to state a constitutional violation under § 1983); *Young v. Ward*, No. 97–3043, 1998 WL 384564, *1, 149 F.3d 1185 (6th Cir. June 18, 1998) (unpublished table decision)(verbal harassment does not constitute punishment within Eighth Amendment); *Sule v. Wait*, No. 96–35168, 1997 WL 144198, 110 F.3d 70 (9th Cir. Mar. 26, 1997) (unpublished table decision).

■ Plaintiff only alleges that Richardson verbally harassed him. *See* (Pl.'s Dep. at 105–108). Therefore, we will grant summary judgment on Plaintiff's claims of verbal sexual harassment against Richardson.

### VIII. Conclusion

An appropriate Order follows.

### ORDER

AND NOW, this day of December, 1998, upon consideration of Defendants' Motion for Summary Judgment and Plaintiff's response thereto, it is hereby ORDERED that, in accordance with the foregoing Memorandum, the Motion is GRANTED as to Defendants Davies, Richardson, and Daniels.

dence, Plaintiff could possibly have overcome summary judgment.